Therefore, we modify the order by denying the City's cross motion and granting that part of OKA's motion seeking summary judgment dismissing the City's cross claim for contractual indemnification. (Appeal from Order of Supreme Court, Niagara County, Joslin, J.—Summary Judgment.) Present—Hayes, J. P., Scudder, Kehoe and Lawton, JJ.

■ ROBERT PELC et al., Respondents, v ESTATE OF ALBERT H. WOHLERT, Deceased, et al., Appellants. [716 NYS2d 627] —Order unanimously affirmed with costs. Memorandum: Supreme Court properly denied defendants' motions for summary judgment dismissing the complaint. There is an issue of fact whether the injuries of plaintiff Robert Pelc prevented him from performing substantially all of the material acts that constitute his usual and customary daily activities for at least 90 of the 180 days immediately following the accident (see, Insurance Law § 5102 [d]). (Appeals from Order of Supreme Court, Erie County, Notaro, J.—Summary Judgment.) Present—Hayes, J. P., Scudder, Kehoe and Lawton, JJ.

■ NICOLE A. PARKHILL et al., Appellants, v JOHN M. CLEARY et al., Respondents. (Appeal No. 1.) [716 NYS2d 925] —Appeal unanimously dismissed without costs (see, Matter of Eric D. [appeal No. 1], 162 AD2d 1051). (Appeal from Order of Supreme Court, Niagara County, Joslin, J.—Discovery.) Present—Hayes, J. P., Scudder, Kehoe and Lawton, JJ.

■ NICOLE A. PARKHILL et al., Appellants, v JOHN M. CLEARY et al., Respondents. (Appeal No. 2.) [716 NYS2d 251] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiffs commenced this action to recover damages for personal injuries sustained by them in a motor vehicle accident allegedly resulting from the negligence of defendant John M. Cleary (Cleary). Plaintiffs issued a subpoena duces tecum upon a nonparty witness, seeking to discover the substance of a conversation between the witness and plaintiffs' attorney concerning statements made by Cleary to the witness after the accident. By order entered May 4, 1999, Supreme Court denied defendants' motion to quash the subpoena and ordered that the witness be deposed. At the deposition of that witness, defendants' attorney effectively prevented plaintiffs from conducting a meaningful deposition (see, Bay Ridge Lbr. Co. v Groenendaal, 175 AD2d 94, 95) by, inter alia, objecting on the ground that certain questions had been asked and answered when, in fact, they had not. Plaintiffs moved pursuant to CPLR 3126 for an order striking defendants' answer or, alternatively,